PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

Name __KNIGHT, CLARENCE V.__
    (Last)    (First)    (Initial)

Prisoner Number __C07508__

Institutional Address __P.O. Box 1050 Soledad, CA 93960__
__SALINAS VALLEY STATE PRISON__

**(PR)**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**SBA**

__CLARENCE V. KNIGHT__
(Enter the full name of plaintiff in this action.)

vs.

__M.S. EVANS, ET AL.,__

(Enter the full name of respondent(s) or jailer in this action)

CV 08

Case No. **3546**
(To be provided by the clerk of court)

PETITION FOR A WRIT
OF HABEAS CORPUS

Read Comments Carefully Before Filling In

When and Where to File

You should file in the Northern District if you were convicted and sentenced in one of these counties: Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa, San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo and Sonoma. You should also file in this district if you are challenging the manner in which your sentence is being executed, such as loss of good time credits, and you are confined in one of these counties. Habeas L.R. 2254-3(a).

If you are challenging your conviction or sentence and you were not convicted and sentenced in one of the above-named fifteen counties, your petition will likely be transferred to the United States District Court for the district in which the state court that convicted and sentenced you is located. If you are challenging the execution of your sentence and you are not in prison in one of these counties, your petition will likely be transferred to the district court for the district that includes the institution where you are confined. Habeas L.R. 2254-3(b).

PET. FOR WRIT OF HAB. CORPUS    - 1 -

1  Who to Name as Respondent

2      You must name the person in whose actual custody you are. This usually means the Warden or

3  jailor. Do not name the State of California, a city, a county or the superior court of the county in which

4  you are imprisoned or by whom you were convicted and sentenced. These are not proper

5  respondents.

6      If you are not presently in custody pursuant to the state judgment against which you seek relief

7  but may be subject to such custody in the future (e.g., detainers), you must name the person in whose

8  custody you are now and the Attorney General of the state in which the judgment you seek to attack

9  was entered.

10 A. INFORMATION ABOUT YOUR CONVICTION AND SENTENCE

11     1. What sentence are you challenging in this petition?

12         (a)    Name and location of court that imposed sentence (for example: Alameda

13                County Superior Court, Oakland): PRiSON DisCiPLiNe

14         _____    _____

15                Court                              Location

16         (b)    Case number, if known _____

17         (c)    Date and terms of sentence _____

18         (d)    Are you now in custody serving this term? (Custody means being in jail, on

19                parole or probation, etc.)          Yes ✓    No _____.

20                Where?

21                Name of Institution: SALiNAS VALLeY STATe PRiSON

22                Address: P.O BOX 1050 SoLedAD, CA. 93960

23     2. For what crime were you given this sentence? (If your petition challenges a sentence for

24  more than one crime, list each crime separately using Penal Code numbers if known. If you are

25  challenging more than one sentence, you should file a different petition for each sentence.)

26  POSSESSiON OF INMATE MANUFACTURED ALCOHOL

27  _____

28  _____

PET. FOR WRIT OF HAB. CORPUS        - 2 -

3. Did you have any of the following?

    Arraignment:                 Yes _____    No __✓__

    Preliminary Hearing:        Yes _____    No __✓__

    Motion to Suppress:        Yes _____    No __✓__

4. How did you plead?

    Guilty _____    Not Guilty __✓__    Nolo Contendere _____

    Any other plea (specify) _____

5. If you went to trial, what kind of trial did you have?

    Jury _____    Judge alone _____    Judge alone on a transcript _____

6. Did you testify at your trial?         Yes _____    No __✓__

7. Did you have an attorney at the following proceedings:

    (a)    Arraignment            Yes _____    No __✓__

    (b)    Preliminary hearing     Yes _____    No __✓__

    (c)    Time of plea            Yes _____    No __✓__

    (d)    Trial                  Yes _____    No __✓__

    (e)    Sentencing            Yes _____    No __✓__

    (f)    Appeal               Yes _____    No __✓__

    (g)    Other post-conviction proceeding    Yes _____    No __✓__

8. Did you appeal your conviction?        Yes _____    No __✓__

    (a)    If you did, to what court(s) did you appeal?

        Court of Appeal        Yes __✓__    No _____

        Year: _2008_    Result: _DeNieD_____

        Supreme Court of California    Yes __✓__    No _____

        Year: _2008_    Result: _DeNieD_____

        Any other court        Yes __✓__    No _____

        Year: _2008_    Result: _DeNieD_____

    (b)    If you appealed, were the grounds the same as those that you are raising in this

PET. FOR WRIT OF HAB. CORPUS    - 3 -

1    petition?                                    Yes ✓    No____

2    (c)    Was there an opinion?                 Yes ✓    No____

3    (d)    Did you seek permission to file a late appeal under Rule 31(a)?

4                                                 Yes ____   No____

5           If you did, give the name of the court and the result:

6    _____

7    _____

8    9. Other than appeals, have you previously filed any petitions, applications or motions with respect to

9    this conviction in any court, state or federal?        Yes ✓    No____

10          [Note: If you previously filed a petition for a writ of habeas corpus in federal court that

11   challenged the same conviction you are challenging now and if that petition was denied or dismissed

12   with prejudice, you must first file a motion in the United States Court of Appeals for the Ninth Circuit

13   for an order authorizing the district court to consider this petition. You may not file a second or

14   subsequent federal habeas petition without first obtaining such an order from the Ninth Circuit. 28

15   U.S.C. §§ 2244(b).]

16   (a)    If you sought relief in any proceeding other than an appeal, answer the following

17          questions for each proceeding. Attach extra paper if you need more space.

18          I.    Name of Court: MONTEREY SUPERIOR COURT

19                Type of Proceeding: PETITION FOR WRIT OF HABEAS CORPUS

20                Grounds raised (Be brief but specific):

21                a. DENIAL OF FAIR AND IMPARTIAL HEARING

22                b. DEPRIVATION OF PROCEDURAL DUE PROCESS

23                c. _____

24                d. _____

25                Result: DENIED            Date of Result: 4/8/2008

26          II.   Name of Court: COURT OF APPEAL SIXTH APP. DIST.

27                Type of Proceeding: WRIT OF HABEAS CORPUS APPEAL

28                Grounds raised (Be brief but specific):

PET. FOR WRIT OF HAB. CORPUS        - 4 -

1  a.___"_____"_____

2  b._"_____"_____

3  c._____

4  d._____

5  Result: _DENIED_____Date of Result:_5/7/2008_

6  III.  Name of Court: _SUPREME COURT OF CALIF._____

7  Type of Proceeding: _PETITION FOR REVIEW_____

8  Grounds raised (Be brief but specific):

9  a._"_____"_____

10  b._"_____"_____

11  c._____

12  d._____

13  Result: _DENIED_____Date of Result:_7/9/2008_

14  IV.  Name of Court: _____

15  Type of Proceeding: _____

16  Grounds raised (Be brief but specific):

17  a._____

18  b._____

19  c._____

20  d._____

21  Result: _____Date of Result:_____

22  (b)  Is any petition, appeal or other post-conviction proceeding now pending in any court?

23  Yes _____    No _✓___

24  Name and location of court: _____

25  B. GROUNDS FOR RELIEF

26  State briefly every reason that you believe you are being confined unlawfully. Give facts to

27  support each claim. For example, what legal right or privilege were you denied? What happened?

28  Who made the error? Avoid legal arguments with numerous case citations. Attach extra paper if you

need more space. Answer the same questions for each claim.

[Note: You must present ALL your claims in your first federal habeas petition. Subsequent petitions may be dismissed without review on the merits. 28 U.S.C. §§ 2244(b); McCleskey v. Zant, 499 U.S. 467, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).]

Claim One: DENIAL OF FAIR AND IMPARTIAL DISCIPLINARY HEARING (PROCEDURAL DUE PROCESS)

Supporting Facts: SEE ATTACHMENTS #1, #2 AND #3

Claim Two: _____

Supporting Facts: _____

Claim Three: _____

Supporting Facts: _____

If any of these grounds was not previously presented to any other court, state briefly which grounds were not presented and why:

_____

1    List, by name and citation only, any cases that you think are close factually to yours so that they

2  are an example of the error you believe occurred in your case.  Do not discuss the holding or reasoning

3  of these cases:

4  SEE ATTACHMENTS #1, #2, #3 AND #4

5

6

7  Do you have an attorney for this petition?              Yes_____    No_✓__

8  If you do, give the name and address of your attorney:

9

10    WHEREFORE, petitioner prays that the Court grant petitioner relief to which s/he may be entitled in

11  this proceeding.  I verify under penalty of perjury that the foregoing is true and correct.

12

13  Executed on  July 17, 2008              Clarence Knight

14            Date                        Signature of Petitioner

15

16

17

18

19

20  (Rev. 6/02)

21

22

23

24

25

26

27

28

Court of Appeal, Sixth Appellate District - No. H032869
**S163722**

# IN THE SUPREME COURT OF CALIFORNIA

**En Banc**

In re CLARENCE V. KNIGHT on Habeas Corpus

The petition for review is denied.

SUPREME COURT
FILED

JUL − 9 2008

Frederick K. Ohlrich Clerk

_____
Deputy

GEORGE
_____
Chief Justice

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

COPY

Court of Appeal - Sixth App. Dist.

**FILED**

MAY 7 - 2008

MICHAEL J. YERLY, Clerk

By _____
　　　　　DEPUTY

In re CLARENCE V. KNIGHT,

on Habeas Corpus.

H032869
(Monterey County
 Super. Ct. No. HC6075)

BY THE COURT:

　　The petition for writ of habeas corpus is denied.

(Bamattre-Manoukian, Acting P.J., Mihara, J., and McAdams, J.,

participated in this decision.)

Dated ___MAY 7  2008___　　　　BAMATTRE-MANOUKIAN, J.___　Acting P.J.

SUPERIOR COURT OF CALIFORNIA

COUNTY OF MONTEREY

FILED

APR 0 8 2008

CONNIE MAZZEI
CLERK OF THE SUPERIOR COURT
MARY CASTRO
DEPUTY

| | |
|---|---|
| In re | ) Case No.: HC 6075 |
| | ) |
| Clarence V. Knight | ) ORDER |
| | ) |
| On Habeas Corpus. | ) |

On Feb. 13, 2008, Clarence V. Knight, CDC No. C-07508, filed a petition for writ of habeas corpus.

Petitioner is currently housed at the Salinas Valley State Prison in Soledad.

Petitioner was found guilty of violating 15 CCR §3016(a),"Possession of Inmate Manufactured Alcohol," (RVR Log No. D-07-03-0078 dated March 27, 2007) and assessed 120 days forfeiture of credit, a Division "C" offense.  Among other things, the report indicated that a search of Petitioner's cell turned up a gallon of Pruno, approximately 50 apples and approximately 3 pounds of Pruno kicker made from apples, and the items were found in a common area of the cell under the bottom bunk.

Petitioner contends the Senior Hearing Officer, Correctional Lieutenant C. Barroga, falsified several statements in the report and omitted testimony from Petitioner's cellmate claiming complete ownership over the Pruno and fruit, and asserting Petitioner does not drink. Petitioner also contends that the SHO took these actions to ensure Petitioner was found guilty, in retaliation for grievances Petitioner filed against two other Correctional Officers.

Petitioner has exhausted administrative remedies.

The Court applies the "some evidence" standard in reviewing the decisions by disciplinary hearing officers. *See In re Powell* (1988) 45 Cal.3d 894, 904; *In re Ramirez* (2001) Cal.App.4th 549, 563.  Under the "some evidence" standard, the requirements of due process are

1   satisfied as long as there is "some basis in fact" for the decision. *Powell*, 45 Cal. 3d at p. 904;

2   *Ramirez*, 94 Cal.App.4th at p. 563. Courts applying this deferential standard need not examine

3   the entire record, independently assess the credibility of witnesses, or weigh the evidence.

4   *Superintendent v. Hill* (1985) 472 U.S. 445, 455-56.

5          Petitioner was found guilty of violating 15 CCR §3016(a), which prohibits an inmate

6   from "possess[ing], manufactur[ing], or hav[ing] under [his] control any … alcohol …." At the

7   disciplinary hearing, the SHO made four factual findings to support his conclusion that Petitioner

8   was guilty of violating Section 3016(a), including that the Pruno was found in a common area of

9   the cell. This finding alone is sufficient to satisfy due process in the context of a prison

10  disciplinary hearing. See e.g. *In re Zepeda*, 141 Cal.App.4th 1493, 1499 (evidence that razor

11  blade was located in open area accessible to both cellmates enough to sustain prison rule

12  violation but not criminal conviction)

13         In *Zepeda*, a correctional officer found three razor blades inside a cup on top of a shelf

14  during a cell search. (*Zepeda*, 141 Cal.App. 4th at 1495) At the time of the search Zepeda's

15  cellmate admitted the razor blades were his, but Zepeda was charged with and found guilty of

16  violating a prison regulation prohibiting inmates from possessing weapons and lost 360 days of

17  good conduct credits. (*Id.*) Zepeda filed a writ of habeas corpus alleging his federal due process

18  rights were violated. The trial court granted the writ, finding Zepeda's ability to access the

19  razors alone was insufficient to find him guilty of a rules violation. (*Id.* at 1496) The Fourth

20  District Court of Appeal reversed, holding that the location of the blades in an open area in

21  Zepeda's cell was sufficient to satisfy due process. The court reasoned that "'[r]evocation of

22  good time credits is not comparable to a criminal conviction,' and 'neither the amount of

23  evidence necessary to support such a conviction' nor 'any other standard greater than some

24  evidence applies….'" (*Zepeda*, 141 Cal.App. 4th at 1499 *citing Superintendent v. Hill*, 472 U.S.

25  at 456.)

2

1    Petitioner's case is analogous to *Zepeda*. Accordingly, the petition is denied.

2    IT IS SO ORDERED.

3

4    Dated: 4-8-08



5

6    Hon. Stephen A. Sillman
     Judge of the Superior Court

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

EXHiBiT "A"

EXHiBiT "A"

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

# DIRECTOR'S LEVEL APPEAL DECISION

Date: DEC 3 0 2007

In re:   Clarence Knight, C07508
Salinas Valley State Prison
P.O. Box 1020
Soledad, CA 93960-1020

IAB Case No.: 0711455          Local Log No.: SVSP-07-02585

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner R. Floto. All submitted documentation and supporting arguments of the parties have been considered.

I   APPELLANT'S ARGUMENT: The appellant is submitting this appeal relative to CDC Form 115, Rules Violation Report (RVR), Log #FD-07-03-0078, dated March 27, 2007, for Poss. of Inmate Manufactured Alcohol. The appellant contends that the information relied upon is erroneous. He claims that he was not provided a fair and impartial hearing. It is the appellant's position that he is not guilty of the RVR as charged. He requests dismissal of the RVR.

II   SECOND LEVEL'S DECISION: The reviewer found that the appellant was afforded due process, including a fair and unbiased hearing by an impartial Senior Hearing Officer (SHO). On March 27, 2007, during a search of the appellant's assigned cell the reporting employee discovered one gallon of inmate manufactured alcohol, 50 apples and three pounds of "kicker" (a substance used to start the process of inmate manufactured alcohol). Supervisory staff confirmed that the contraband was inmate manufactured alcohol. The appellant did not meet the criteria for the assignment of an Investigative Employee to assist in the gathering of evidence. The appellant did not meet the criteria for the assignment of a Staff Assistant as there was no need for a confidential relationship; the issues are not complex; and the appellant is not illiterate and understands English. The appellant requested that the reporting employee be present at the hearing. The appellant requested that an additional witness be present at the hearing. The SHO allowed the witness and documented the statements provided.

III   DIRECTOR'S LEVEL DECISION: Appeal is denied.

A.   FINDINGS: The appellant was afforded all due process rights in the adjudication of the RVR and all procedural guidelines were met. A preponderance of evidence was established by an impartial SHO to sustain the guilty finding. Reports reflect that the appellant has presented no new or compelling evidence in the appeal, which would warrant a modification of the decision reached by the institution.

B.   BASIS FOR THE DECISION:
California Code of Regulations, Title 15, Section: 3005, 3006, 3016, 3287, 3315, 3318, 3320, 3323

C.   ORDER: No changes or modifications are required by the Institution.

This decision exhausts the administrative remedy available to the appellant within CDCR.

N. GRANNIS, Chief
Inmate Appeals Branch

cc:    Warden, SVSP
Appeals Coordinator, SVSP

H.
... Cont.

envelope. I ask you to accept my appeal with an
explaination for not timely submitting it within
15 days.

The second level response distorts the facts
by incorporating statements that are not factual
but exaggerrate just to support the arbitrary guilty
finding. G.A. Neotti stated "the RVR describes the
odor from the cell as a strong odor of fermented
Alcohol Alcohol." The report does not say that.

C.C.R 3287 is inapplicable when ownership was
taken and C.C.R. 3028 disallows me to assume
control over any inmate or what they do. Especially
if I lack the knowledge of any activity. Both the
second level review and hearing officer has
provided no evidence to refute that I had no knowledge
existed despite ownership being taken.

The preponderance of evidence in this case is
the hearing officer arbitrarily finding me guilty
after being exonerated and forced me to challenge
and overturn his faulty ruling.

The hearing officer Lt. Barroga, deliberately
devoided the final disposition of the statements made
by both witnesses. And %o Canchola who also witnessed
the hearing statements was not asked if the
contents in my additional page to my CDC 602
are true in order to serve justice. This failure
to include adequate statements of witnesses
is a requirement listed in the senior hearing
officer's disciplinary manual which was deliberately
strayed from.

This act of finding me guilty and calling

REVERSE →

The Preponderance of Evidence The Hearing Officers Belief is an Abuse of Power. This is not Russia. This is America. Concealing Factual Witness Statements, which Exonerates me is Blatant Obstruction of Justice And Forcing me to litigate my own innocence. The Appeal speaks for itself. The Third Level Review Has the Authority to take Corrective Measures when Wrongs are on The Face of Disciplinary Proceedings which Provides for Unfair Disciplinary Hearings. My Due Process Has Been Violated and Has created an Atypical and significant Hardship on me.

These are acts of retaliation. Lt. Barkaya did this to Harm me and Punish me for other Filings against Aforementioned Pals of his.

Lt. Barkaya clearly made his Personal Beliefs The evidence Versus The evidence Presented at The Hearing which needs to be Reversed. I Request that an interview be conducted on Ms. Orcancola, C/O Rowe, T/m Thomas Regarding The questions and answers at the Hearing in order to Find out why Lt. Barkaya withheld The asked / answered questions from the Final disposition. And Answer what evidence exists That I Had any knowledge of Ramos. Deliberately making Inmates out of liars And Holding me Responsible for acts not of my own is Civil Criminality. I ask you to Reverse this Action.

STATE OF CALIFORNIA                                                    DEPARTMENT OF CORRECTIONS

**INMATE/PAROLEE**
**APPEAL FORM**
CDC 602 (12/87)

Location: | Institution/Parole Region | Log No. | Category
1. SVSP d | 1. 07-02385 | 1
2. _____ | 2. _____ | CDW/TPW

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

~~False Report~~                Sta lied on dispo

NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER
Knight, C. | C07508 | G.P. | D7-114

A. Describe Problem: This Complaint is submitted Per CCR 3084.5(a)(3)(G) misconduct by a Peace Officer. On 4/28/07 during the disciplinary Proceedings of RVR Log #FD-07-03-0078, LT. C. Barroga interjected statements in the disposition portion of the C.D.C. 115-C that was not stated. This act was done with the intentions of sabotaging my ability to exonerate myself from his arbitrary finding of guilt after having to accept the fact that Inmate Thomas P68324 took ownership of the Pruno. This CDC 115 hearing was conducted in front of S/o Rowe and c/o Canchola when LT. Barroga

If you need more space, attach one additional sheet.                    Cont....

B. Action Requested: That this Complaint be Processed Per CCR 3084.5(a)(3)(G) and that this matter be referred to the Chief of Internal Affairs as a Category II Complaint for Civil Criminal Acts. And for the C.D.D. Take an Appropriate Review of these Violations of Procedural due Process

Inmate/Parolee Signature: C. Knight     RECEIVED JUN 07 2007     Date Submitted: 6/4/07

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

BYPASS

INMATE APPEALS BRANCH   RECEIVED OCT 18 2007

Staff Signature: _____     Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____

BYPASS

Signature: _____     Date Submitted: _____
Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim                    CDC Appeal Number:

6-18-07 SVSP Hiring Authority reviewed this
appeal per AB 05/03 and determined this appeal
___ ___ to the level of a Staff Complaint: decision #1

First Level    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: 6-12-07    Due Date: 7-20-07

Interviewed by: _____

BYPASS

Staff Signature: _____    Title: _____    Date Completed: _____
Division Head Approved: _____    Returned
Signature: _____    Title: _____    Date to Inmate: _____

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

BYPASS

Signature: _____    Date Submitted: _____

Second Level    ☐ Granted    ☐ P. Granted    ☒ Denied    ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: 6-19-07    Due Date: 7-18-07
☒ See Attached Letter                                                              Date Completed: 7-18-07
Signature: _____
Warden/Superintendent Signature: _____    Date Returned to Inmate: _____

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

DELIVERED SEP 05 2007    RETD SEP 5 2007

DISSATISFIED: N. GRANNIS, PLEASE TAKE NOTICE THAT I RETURNED TO SVSP FROM OUT TO COURT ON 10/10/07 AND DID NOT RETRIEVE MY PROPERTY UNTIL 10/12/07. THIS APPEAL WAS DELIVERED TO ME 8 DAYS BEFORE I WENT OUT TO COURT BUT I THOUGHT I HAD TAKEN THE APPEAL WITH ME SO I COULD RESPOND AND FORWARD IT TO THE THIRD LEVEL FROM O.T.C. BUT IT WAS LEFT IN THE WRONG CONT.

Signature: C. Knight    Date Submitted: 11/14/07

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION: ☐ Granted    ☐ P. Granted    ☒ Denied    ☐ Other _____
☐ See Attached Letter
Date: DEC 3 0 2007

CDC 602 (12/87)

.... Cont.)

RENDERED HIS FINAL DETERMINATION AND FINDINGS, IN VIO-
LATION OF CCR 3320.1(q)

DURING THE HEARING I SPECIFICALLY TOLD LT. BARROGA
THAT I DON'T DRINK AND I DIDN'T HAVE ANY KNOWLEDGE
OF ANY PRUNO. THAT IS WHY MY STATEMENT IS DOCUMENTED
IN THE CDC-115-C. FURTHERMORE I EXPRESSED TO LT. BARROGA
THAT I BELIEVED HIS DECISION TO FIND ME GUILTY DESPITE
INMATE THOMAS PLEADING GUILTY TAKING OWNERSHIP AND
STATED THAT HE NEVER TOLD ME OR SHOWED ME ANY PRUNO
WAS TO PUNISH ME FOR GRIEVANCES THAT I WROTE AGAINST
SGT. NAVA AND C/O CELEYA.

IN LT. BARROGA'S FINDINGS AT #4, LT. BARROGA HAS
OUTRIGHT LIED THAT I ADMITTED THAT THERE WAS PRUNO IN
THE CELL AND WOULD NOT TELL HIS CELLMATE (THOMAS) TO
PLACE THE PRUNO IN HIS OWN SHELF. THE STATEMENT
WAS NEVER SAID! ASK ALL WITNESSES. (STAFF & INMATE)

LT. BARROGA ALSO STATED IN HIS DISPOSITION THAT
I REQUESTED C/O ROWE TO BE PRESENT AT THE HEARING BUT
DID NOT HAVE ANY QUESTIONS FOR C/O ROWE. THIS IS ANOTHER
LIE. I SPECIFICALLY ASKED C/O ROWE TWO QUESTIONS THAT
HE ANSWERED. #1 I ASKED C/O ROWE WHO SPECIFICALLY
TOLD HIM TO WRITE BOTH KNIGHT AND THOMAS AND HE REPLIED
SGT. NAVA AND SGT. SULLIVAN! #2. I ASKED C/O ROWE IF
HE STOOD BY HIS REPORT THAT THE PRUNO WAS FOUND UNDER
THE BOTTOM BUNK, HE REPLIED THAT YES, I FOUND IT IN A
BUCKET UNDER THE BOTTOM BUNK. I TOLD ROWE THAT THATS
A LIE BECAUSE THOSE BUCKETS DON'T FIT UNDER THE BUNK
AND THAT HE DIDN'T STATE IN HIS REPORT THAT THE PRUNO WAS
DISCOVERED IN A BUCKET. LT. BARROGA'S ACTIONS ARE AN
OBSTRUCTION OF JUSTICE AND HAS WITHHELD INFORMATION

REVERSE
SIDE →

AND INJECTED A FALSE STATEMENT TO DEMONSTRATE
THAT I HAD KNOWLEDGE OF PRUNO IN THE CELL. BOTH
OFFICERS CAN ATTEST TO THE FACT THAT I ADMITTED TO
NOTHING AND THAT STATEMENTS MADE IN THIS COMPLAINT
ARE TRUE THAT I ASKED SPECIFIC QUESTIONS TO C/O ROWE
THAT LT. BARROGA IS DELIBERATELY CONCEALING.
LT. BARROGA STATED DURING THE ILS HEARING TO
INMATE WITNESS THOMAS THAT HE PUT HIS COLLIE IN
A BAD POSITION BY HAVING PRUNO IN THE CELL AND THAT
HE SHOULD'VE HAD IT IN HIS OWN LOCKER. THOSE ARE
LT. BARROGA'S WORDS NOT MINES OR MY OWN AGAIN LT.
BARROGA ASKED I'M THOMAS A SERIES OF
QUESTIONS IN WHICH THOMAS ANSWERED THAT
WITNESS THOMAS REPLIED MINES.
#1 WHAT WERE YOU DOING WITH A WINE GALLON IN THOMAS
REPLIED, "DRINKING IT."
#3 WHAT WERE YOU DOING WITH 50 APPLES? TO MAKE MORE
PRUNO THOMAS REPLIED.
#4 DID YOUR CELLIE KNIGHT KNOW ABOUT THE PRUNO? NO!
HE DOESN'T DRINK.
NONE OF THIS IS IN THE REPORT BECAUSE LT. BARROGA'S
AGENDA WAS TO FIND ME GUILTY AND MAKE IT STICK. LT. BARROGA
ALSO STATED THAT IT WAS HIS PERSONAL BELIEF THAT I KNEW
THE PRUNO WAS IN THE CELL. I TOLD BARROGA THAT ITS MY PERSONAL
BELIEF THAT HIS GUILTY FINDING IS BASED ON FAVORS TO SGT. NAVA
TO PUNISH ME FOR WRITING 602'S AGAINST HER.
THIS MATTER MUST BE INVESTIGATED. LT. BARROGA
HAS DEPRIVED ME OF PROCEDURAL DUE PROCESS BY FALSE STATEMENTS
TO INTERFERE WITH MY FIRST AMENDMENT RIGHTS. AND WITH-
HELD STATEMENTS & REPLIES TO DISTORT THE TRUTH TO FULFILL
HIS UNLAWFUL AGENDA

C. Knight

///

State of California

Department of Corrections and Rehabilitation

# Memorandum

Date:    July 18, 2007

To:    Inmate KNIGHT, C07508
Salinas Valley State Prison

Subject: SECOND LEVEL APPEAL RESPONSE LOG NUMBER-SVSP-D-07-02585

<u>ISSUE</u>:

The appellant is submitting this appeal relative to CDC Form 115, Rules Violation Report (RVR), Log # D-07-03-0078 dated 03/27/07 for "Possession of Inmate Manufactured Alcohol." The appellant alleged staff misconduct by the Senior Hearing Officer (SHO). Appellant claims the SHO lied when it was documented that appellant admitted that he knew the inmate made alcohol was in his cell. Appellant alleges during the hearing he asked questions of Correctional Officer Rowe which he claims the SHO deliberately concealed.

Appellant requests this appeal to be processed as a staff complaint and referral to the "Chief of Internal Affairs" as a Category II complaint. Appellant requests the Chief Disciplinary Officer (CDO) to take an appropriate review of his claimed due process violations.

<u>REGULATIONS</u>: The rules governing this issue are:

CCR 3016 Controlled Substances, Drug Paraphernalia, and Distribution
CCR 3315 Serious Rule Violations
CCR 3320 Hearing Procedures and Time Limitations

<u>SUMMARY OF INVESTIGATION</u>:

The First Level of Review was bypassed per CCR 3084.5(b). T. Variz, Appeals Coordinator was assigned to investigate this appeal at the Second Level of Review. All submitted documentation and supporting arguments have been considered. Additionally, a thorough examination has been conducted regarding the claim presented by the appellant and evaluated in accordance with Salinas Valley State Prison Operational Procedures (OP); the CCR; and the Departmental Operations Manual (DOM).

This appeal was reviewed by the SVSP Hiring Authority pursuant to AB 05-03. The SVSP Hiring Authority determined this appeal issue did not rise to the level of a staff complaint and assigned as a disciplinary appeal.

A review of the RVR indicates that appellant was charged with CCR 3016, for the specific act of "Possession of Inmate Manufactured Alcohol."

The charge was classified as a Division "C" offense. The discovery date of the RVR was 03/27/07.

DELIVERED SEP 05 2007

Inmate KNIGHT, C07508
Case No. SVSP-D-07-02585
Page 2

Appellant received his copy of the RVR on 03/30/07, which was within fifteen (15) days of the discovery.

The RVR was not referred to the Monterey County District Attorney (DA) prosecution.   The RVR reflects that he attended the disciplinary hearing held on 04/28/07, and pled "Not Guilty" to the charge.

The hearing was not held within thirty (30) days from the date that appellant was provided a copy of the RVR.  The SHO determined a guilty finding, and assessed one hundred twenty (120) days credit loss forfeiture, as a result of lost time constraints.

Other time constraints related to the RVR were met; all copies of evidence were issued 24 hours prior to the hearing, and appellant was afforded all due process rights with regards to witnesses.

Appellant was not a participant in the Mental Health Services Delivery System.

A Staff Assistant was not assigned per CCR 3315 (d)(2)(A).

An Investigative Employee (IE) was not assigned per CCR 3315 (d)(1)(A).

The appellant's attachments and filing has been reviewed. At the interview, the appellant reiterated what he wrote in this appeal, continuing to allege misconduct by the SHO during the hearing. The appellant's only argument in defense of the charge is alleged staff misconduct, which the SVSP Hiring Authority determined that this appeal issue did not rise to the level of staff misconduct. The appellant's claim of staff misconduct was not accepted as credible.

A review of the RVR reveals the inmate made alcohol was discovered in a common area of the appellant's cell.  The alcohol consisted of one gallon of inmate made alcohol, approximately fifty apples and about three pounds of "kicker" made from the apples. The RVR describes the odor from the cell as a strong odor of fermented alcohol.

The appellant is advised inmates are assigned areas of control such as their cell or bunk area (CCR 3287). Anything found in this area is presumed the property of that inmate.  Possession includes actual possession as well as constructive possession.  Constructive Possession means that one person maintains control or ownership while it is in the actual possession of another person.    It is reasonable to believe the appellant had full knowledge of the alcohol within his cell as the strong odor alerted the Reporting Employee as he/she was performing a cell search of the appellant's cell.

The appellant's claim that the alcohol belonged solely to his cell mate was not accepted as credible by the SHO. The SHO conducted a disciplinary hearing pursuant to California Code of Regulations, Title 15, Section (CCR) 3320. During the hearing, the appellant was afforded the opportunity to present evidence

Inmate KNIGHT, C07508
Case No. SVSP-D-07-02585
Page 3

considered all available evidence and appropriately determined that a preponderance of evidence existed to find the appellant guilty. Therefore, the SHO found the appellant guilty and assessed credit forfeiture commensurate with a Division "C" offense. The appellant has not presented any "new" evidence that was not available to him prior to his disciplinary hearing. A review of the RVR disposition shows that the appellant was afforded the opportunity to present an adequate defense and to call witnesses.

The appellant is advised that the appeals process is not a rehearing of the disciplinary. The appeals process is a review to determine if all time constraints were met and if due process was maintained during the course of the disciplinary proceedings. The documentation and arguments presented are persuasive that the appellant has failed to support his appeal issue with sufficient evidence or facts to warrant a modification of the decision reached by the SHO. The appellant was provided appropriate due process and administrative protections in the adjudication of the RVR, and the finding and disposition are consistent with regulations. The appellant has not provided for a sound basis with which to change or modify the decision reached by the SHO.

DECISION:  The appeal is Denied.

The appellant is advised that this issue may be submitted for a Director's Level of Review if desired.

G. A. NEOTTI
Chief Deputy Warden
Salinas Valley State Prison

804 to Records:          Date:                                    𝐼 / 𝑚             D-7, 117

STATE OF CALIFORNIA                                                        DEPARTMENT OF CORRECTIONS

# RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|---|
| C-07508 | KNIGHT | | | SVSP | D7-114 | FD-07-03-007 |

| VIOLATED RULE NO(S) | SPECIFIC ACTS | LOCATION | DATE | TIME |
|---|---|---|---|---|
| CCR §3016(a) | POSS. OF INMATE MANUFACTURED ALCOHOL | D7-'B' Pod | 03/27/07 | 0945 hours |

CIRCUMSTANCES

On 03/27/07, at approximately 0945 hours, while I was assigned as Facility 'D-2' Yard Officer #4.  I assisted other staff with the cell searches conducted in D-7 'B & C' Pods.  While conducting a search of cell #114, occupied by Inmates THOMAS (P-68324) and KNIGHT (C-07508).  I found approximately one (1) gallon of Inmate Manufactured Alcohol (Pruno), approximately fifty (50) apples and approximately three (3) pounds Pruno Kicker made from apples.  This Inmate Manufactured Alcohol was red in color and had a strong odor of fermented alcohol.  These items were found in a common area of the cell under the bottom bunk.  These items were verified by my supervisors Sergeant R. Nava and Sergeant P. Sullivan to be Inmate Manufactured Alcohol (Pruno and Pruno Kicker).  This concludes my report.

Inmate KNIGHT **is not** a participant in the Mental Health Services Delivery System.

| REPORTING EMPLOYEE (Typed Name and Signature) | | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|---|
| ► J. Rowe, Correctional Officer | | | D-2 Yard Officer #4 | W/Th |

| REVIEWING SUPERVISOR'S SIGNATURE | | DATE | ☐ INMATE SEGREGATED PENDING HEARING | |
|---|---|---|---|---|
| ► | | | DATE | LOC. |

| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO |
|---|---|---|---|---|
| ☐ ADMINISTRATIVE ☒ SERIOUS | C | | ► | ☐ HO  ☒ SHO  ☐ SC  ☐ FC |

COPIES GIVEN INMATE BEFORE HEARING

| ☐ CDC 115 | BY: (STAFF'S SIGNATURE) | DATE | TIME | TITLE OF SUPPLEMENT | | | |
|---|---|---|---|---|---|---|---|
| | ► | | | | | | |
| ☐ INCIDENT REPORT LOG NUMBER: | BY: (STAFF'S SIGNATURE) ► | DATE | TIME | BY: (STAFF'S SIGNATURE) ► | | DATE | TIME |

HEARING

**Plea:** Inmate KNIGHT entered a plea of NOT GUILTY at this RVR Hearing.

**Findings:** Inmate KNIGHT was found GUILTY of CCR §3016(a), specifically "Possession Of Inmate Manufactured Alcohol," a Division "C(11)" offense.  This finding is based on the preponderance of evidence presented at the hearing which does substantiate the charge.  The evidence presented at the hearing included:  (Findings Con't See CDCR-115C)

**Disposition:** Inmate KNIGHT was assessed 120 days forfeiture of credits in accordance with a Division "C(11)" offense per CCR §3323(e)(11).

**Additional Disposition:** Inmate KNIGHT was counseled, warned, and reprimanded.

**Classification Referral:** Refer to UCC for Program Review.

| REFERRED TO ☐ CLASSIFICATION  ☐ BPT/NAEA | | | | | |
|---|---|---|---|---|---|
| ACTION BY: (TYPED NAME) | | SIGNATURE | | DATE | TIME |
| C. Barroga, Correctional Lieutenant | | ► | | 04/28/07 | 1150 |
| REVIEWED BY: (SIGNATURE) | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | | DATE | |
| B. Rankin, Facility Captain | | M. P. Moore III, CDO | | | |
| ☐ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | | BY: (STAFF'S SIGNATURE) ► | | DATE | TIME |

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTION
# SERIOUS RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | VIOLATED RULE NO(S) | DATE | INSTITUTION | LOG NO |
|---|---|---|---|---|---|
| C-07500 | KNIGHT | C.C.R. §3015(a) | 05/27/07 | SVSP | FD-07-05-0078 |

REFERRAL FOR FELONY PROSECUTION IS LIKELY IN THIS INCIDENT    ☐ YES    ☒ NO

## POSTPONEMENT OF DISCIPLINARY HEARING

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ I DO NOT REQUEST my hearing be postponed pending outcome of referral for prosecution. | ► N/A | |
| ☐ I REQUEST my hearing be postponed pending outcome of referral for prosecution. | ► N/A | |

| DATE NOTICE OF OUTCOME RECEIVED | DISPOSITION |
|---|---|
| | N/A |

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ I REVOKE my request for postponement. | ► N/A | |

## STAFF ASSISTANT

| STAFF ASSISTANT | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ REQUESTED    ☐ WAIVED BY INMATE | ► | |

| | DATE | NAME OF STAFF |
|---|---|---|
| ☐ ASSIGNED | | |
| ☒ NOT ASSIGNED | REASON  DNMC  3315 (d)(2)(A)    (9.9 lake) | |

## INVESTIGATIVE EMPLOYEE

| INVESTIGATIVE EMPLOYEE | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ REQUESTED    ☐ WAIVED BY INMATE | ► | |

| | DATE | NAME OF STAFF |
|---|---|---|
| ☐ ASSIGNED | | |
| ☒ NOT ASSIGNED | REASON  DNMC  3315 (c)(1)(a) | |

EVIDENCE / INFORMATION REQUESTED BY INMATE:

## WITNESSES

WITNESSES REQUESTED AT HEARING (IF NOT PRESENT, EXPLAIN IN FINDINGS)

☒ REPORTING EMPLOYEE    ☐ STAFF ASSISTANT    ☐ INVESTIGATIVE EMPLOYEE    ☐ OTHER _____    ☐ NONE

| WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED | WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED |
|---|---|---|---|---|---|
| NAME V (M352G) | ☒ | ☐ | | ☐ | ☐ |

INVESTIGATIVE REPORT: Investigative Employees must interview the inmate charged, the reporting employee, and any others who have significant information, documenting the testimony of each person interviewed. Review of files, procedures, and other documents may also be necessary.

| | | INVESTIGATOR'S SIGNATURE | | DATE |
|---|---|---|---|---|
| | | ► | | |

| ☐ COPY OF CDC 115-A GIVEN INMATE | BY: (STAFF'S SIGNATURE) ► | TIME | DATE |
|---|---|---|---|

STATE OF CALIFORNIA

**RULES VIOLATION REPORT - PART C**

DEPARTMENT OF CORRECTION
PAGE __1__ OF __2__

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| C-07509 | KNIGHT | F1-07-03-0078 | SVSP | 04/28/07 |

☐ SUPPLEMENTAL  ☒ CONTINUATION OF:  ☐ 115 CIRCUMSTANCES  ☒ HEARING  ☐ IE REPORT  ☐ OTHER:

**Hearing Date:** 04/28/07.                **Time:** 1150 hours.                **Any Postponement Explained:** N/A.

**Inmate Plea and Statement:** Inmate KNIGHT entered a plea of NOT GUILTY and stated: "I don't drink and I didn't have pruno."

**Inmate's Health:** Inmate KNIGHT claims to be in good health and prepared to proceed with the disciplinary process.

**NEEDS:** Inmate KNIGHT **is not** a participant in the Mental Health Services Delivery System.  The circumstances of the RVR do not indicate that Inmate KNIGHT exhibit any bizarre behavior that would raise concerns about his mental health. At the hearing, Inmate KNIGHT did not demonstrate any strange, bizarre, or irrational behavior.

**DUE PROCESS:** Date of Discovery: 03/27/07.            Hearing started on: 04/28/07.
  Initial RVR copy served on: 03/30/07.            CDCR-115-HR served on: N/A.
  Incident Package served on: N/A.            Supplemental served on: N/A.
  D.A. results issued date: N/A.            Last document served on: 03/30/07.

**D.A. Referral:** This matter **was not** referred to the Monterey County District Attorney's Office.

**Time Constraints:** All time constraints have been met pursuant to CCR §3320(b).  Inmate KNIGHT was provided a copy of the CDC-115 within 15 days after the discovery of information leading to the charges.  Hearing was held within 30 days of the date the inmate was provided a copy of the CDCR-115.  Inmate KNIGHT acknowledged receiving all documents used for this hearing 24 hours prior to the hearing.

**TABE Score:** Inmate KNIGHT TABE Reading Score was Above 4.0 as noted in the Central File.  Inmate KNIGHT read the RVR aloud and was able to demonstrate his understanding of the RVR and the disciplinary process through discussion with the SHO.

**Staff Assistant (SA):** Staff assistant was not assigned per CCR §3315 (d)(2)(A).

**Investigative Employee (IE):** Investigative Employee was not assigned per CCR §3315 (d)(1)(A).

**Evidence Requested or Used:** There was no evidence requested or used.

**External/Outside Evidence:** N/A.            **Video Tape Evidence:** N/A.            **Confidential Information:** N/A.

**Witness Requested:** Inmate KNIGHT requested R.E. J. Rowe and Inmate THOMAS as witnesses to be present at the hearing. SHO Granted both witnesses, however at the hearing Inmate KNIGHT did not have any questions for R.E. J. Rowe.

**Witness Testimony at Hearing:** Inmate THOMAS stated, "The pruno was mine."

**Enemy Concerns:** There was no enemy concerns related with this disciplinary hearing.

C. Barroga, Correctional Lieutenant

| (HEARING CON'T SEE CDCR-115C PAGE 2) | SIGNATURE OF WRITER | | DATE SIGNED 04/28/07 |
|---|---|---|---|
| ☐ COPY OF CDC 115-C GIVEN TO INMATE | GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |

CDC 115-C (5/95)

STATE OF CALIFORNIA

**RULES VIOLATION REPORT - PART C**

DEPARTMENT OF CORRECTION
PAGE 2 OF 2

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| C-07508 | KNIGHT | FD-07-03-0078 | SVSP | 04/28/07 |

☐ SUPPLEMENTAL   ☒ CONTINUATION OF:   ☐ 115 CIRCUMSTANCES   ☒ HEARING   ☐ IE REPORT   ☐ OTHER_____

**Findings:** Inmate KNIGHT is found GUILTY as charged. This finding is based upon the following preponderance of evidence:
1) RVR Log #FD-07-03-0078, authored by Reporting Employee (R.E.) Correctional Officer J. Rown, which states in part: "While I was assigned as Facility 'D-2' Yard Officer #4. I assisted other staff with the cell searches conducted in D-7 'B & C' Pods. While conducting a search of cell #114, occupied by Inmates THOMAS (P-68324) and KNIGHT (C-07508). I found approximately one (1) gallon of Inmate Manufactured Alcohol (Pruno), approximately fifty (50) apples and approximately three (3) pounds Pruno Kicker made from apples. This Inmate Manufactured Alcohol was red in color and had a strong odor of fermented alcohol. These items were found in a common area of the cell under the bottom bunk. These items were verified by my supervisors Sergeant R. Nava and Sergeant P. Sullivan to be Inmate Manufactured Alcohol (Pruno and Pruno Kicker).

2) The pruno was found at the common area inside the cell.

3) The significant amount of pruno was too large for one individual consumption.

4) Admits that there was a pruno in the cell and would not tell his cellmate (THOMAS) to place the pruno to his own shelf.

**CONCLUSION:** Based on the aforementioned facts, this SHO finds the preponderance of the evidence relied upon has been met to render and sustain a finding of Guilt on the charged offense of Inmate KNIGHT violating CCR §3016(a); specifically, "Possession Of Inmate Manufactured Alcohol," a Division "C(11)" offense per CCR §3323(e)(11).

**Appeal Rights:** Inmate KNIGHT was advised of his rights to appeal per CCR section §3084.1 (a). Inmate KNIGHT was informed he would receive a copy of the completed RVR upon final review of the Chief Disciplinary Officer. Inmate KNIGHT was further advised of credit restoration per CCR §3327 and §2328.

C. Barroga, Correctional Lieutenant

| SIGNATURE OF WRITER | | DATE SIGNED 04/28/07 |
|---|---|---|
| ☐ COPY OF CDC 115-C GIVEN TO INMATE | GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |

California Department of Corrections and Rehabilitation                                      Salinas Valley State Prison



*M E M O R A N D U M*

Date:  6/12/07

To:        Inmate
          Salinas Valley State Prison

                                                    6/4/07      FD-07-03-007V
                                                                Appeal

Subject:   **INMATE APPEAL REGARDING STAFF COMPLAINT**

           Your CDC 602 Inmate/Parolee Appeal Form regarding a Staff Complaint has
           been received.

           In this appeal, you have alleged staff misconduct, as well as, other peripheral
           issues.  Pursuant to Administrative Bulletin 05/03, you are advised that the staff
           complaint issue is being reviewed by the Hiring Authority for disposition.
           However, you must appeal the other issue(s) separately.


           Eloy Medina, CCII
           Appeals Coordinator

804 to Records: _____ Date: _____

STATE OF CALIFORNIA                                                                        DEPARTMENT OF CORRECTIONS

# RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO |
|---|---|---|---|---|---|---|
| C-07508 | KNIGHT | | | SVSP | D7-114 | FD-07-03-00? |

| VIOLATED RULE NO(S) | SPECIFIC ACTS | LOCATION | DATE | TIME |
|---|---|---|---|---|
| CCR §3016(a) | POSS. OF INMATE MANUFACTURED ALCOHOL | D7-'B' Pod | 03/27/07 | 0945 hours |

CIRCUMSTANCES

On 03/27/07, at approximately 0945 hours, while I was assigned as Facility 'D-2' Yard Officer #4. I assisted other staff with the cell searches conducted in D-7 'B & C' Pods. While conducting a search of cell #114, occupied by Inmates THOMAS (F-68324) and KNIGHT (C-07508). I found approximately one (1) gallon of Inmate Manufactured Alcohol (Pruno), approximately fifty (50) apples and approximately three (3) pounds Pruno Kicker made from apples. This Inmate Manufactured Alcohol was red in color and had a strong odor of fermented alcohol. These items were found in a common area of the cell under the bottom bunk. These items were verified by my supervisors Sergeant R. Nava and Sergeant P. Sullivan to be Inmate Manufactured Alcohol (Pruno and Pruno Kicker). This concludes my report.

Inmate KNIGHT **is not** a participant in the Mental Health Services Delivery System.

| REPORTING EMPLOYEE (Typed Name and Signature) | | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|---|
| ▶ J. Rowe, Correctional Officer | | | D-2 Yard Officer #4 | W/Th |

| REVIEWING SUPERVISOR'S SIGNATURE | | DATE | ☐ INMATE SEGREGATED PENDING HEARING | |
|---|---|---|---|---|
| ▶ | | | DATE _____ LOC. _____ | |

| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO |
|---|---|---|---|---|
| ☐ ADMINISTRATIVE | | | | ☐ HO  ☒ SHO  ☐ SC  ☐ FC |
| ☒ SERIOUS | | | | |

| COPIES GIVEN INMATE BEFORE HEARING | | | | |
|---|---|---|---|---|
| ☒ CDC 115 | BY: (STAFF'S SIGNATURE) ▶ | DATE | TIME | TITLE OF SUPPLEMENT |
| ☐ INCIDENT REPORT LOG NUMBER: | BY: (STAFF'S SIGNATURE) ▶ | DATE | TIME | BY: (STAFF'S SIGNATURE) ▶ | DATE | TIME |

HEARING

| REFERRED TO  ☐ CLASSIFICATION  ☐ BPT/NAEA | | | | |
|---|---|---|---|---|
| ACTION BY: (TYPED NAME) | | SIGNATURE ▶ | | DATE | TIME |
| REVIEWED BY: (SIGNATURE) ▶ | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE ▶ | | DATE | |
| ☐ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | BY: (STAFF'S SIGNATURE) ▶ | | | DATE | TIME |

STATE OF CALIFORNIA

# SERIOUS RULES VIOLATION REPORT

DEPARTMENT OF CORRECTIONS

| CDC NUMBER | INMATE'S NAME | VIOLATED RULE NO(S) | DATE | INSTITUTION | LOG NO |
|---|---|---|---|---|---|
| G-07508 | KNIGHT | C.C.R. §3015(a) | 03/27/07 | SVSP | FC-07-03-0078 |

REFERRAL FOR FELONY PROSECUTION IS LIKELY IN THIS INCIDENT ☐ YES ☒ NO

## POSTPONEMENT OF DISCIPLINARY HEARING

| | | INMATE'S SIGNATURE | DATE |
|---|---|---|---|
| ☐ | I DO NOT REQUEST my hearing be postponed pending outcome of referral for prosecution. | ► N/A | |
| ☐ | I REQUEST my hearing be postponed pending outcome of referral for prosecution. | ► N/A | |

| DATE NOTICE OF OUTCOME RECEIVED | DISPOSITION |
|---|---|
| | N/A |

| | | INMATE'S SIGNATURE | DATE |
|---|---|---|---|
| ☐ | I REVOKE my request for postponement. | ► N/A | |

## STAFF ASSISTANT

| STAFF ASSISTANT | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ REQUESTED   ☐ WAIVED BY INMATE | ► | |

| | DATE | NAME OF STAFF |
|---|---|---|
| ☐ ASSIGNED | | |

| | REASON |
|---|---|
| ☐ NOT ASSIGNED | Name #315 (G2 Yr)   (G.9 late) |

## INVESTIGATIVE EMPLOYEE

| INVESTIGATIVE EMPLOYEE | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ REQUESTED   ☐ WAIVED BY INMATE | ► | |

| | DATE | NAME OF STAFF |
|---|---|---|
| ☐ ASSIGNED | | |

| | REASON |
|---|---|
| ☑ NOT ASSIGNED | Dark 3015 (d.m.a) |

EVIDENCE / INFORMATION REQUESTED BY INMATE:

## WITNESSES

WITNESSES REQUESTED AT HEARING (IF NOT PRESENT, EXPLAIN IN FINDINGS)

☐ REPORTING EMPLOYEE   ☐ STAFF ASSISTANT   ☐ INVESTIGATIVE EMPLOYEE   ☐ OTHER _____   ☐ NONE

| WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED | WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED |
|---|---|---|---|---|---|
| | ☐ | ☐ | | ☐ | ☐ |
| | ☐ | ☐ | | ☐ | ☐ |

INVESTIGATIVE REPORT: Investigative Employees must interview the inmate charged, the reporting employee, and any others who have significant information, documenting the testimony of each person interviewed. Review of files, procedures, and other documents may also be necessary.

| INVESTIGATOR'S SIGNATURE | DATE |
|---|---|
| ► | |

| | BY: (STAFF'S SIGNATURE) | TIME | DATE |
|---|---|---|---|
| ☐ COPY OF CDC 115-A GIVEN INMATE | ► | | |

EXHiBiT "B"

EXHiBiT "B"

<u>DECLARATION OF THOMAS P-68324</u>

I, CHARLES THOMAS, P-68324, DECLARE THAT THE FOREGOING IS TRUE AND CORRECT AND WILL ATTEST TO IT IN ANY COURT OF LAW UNDER PENALTY OF PERJURY

ON APRIL 28, 2007, I WERE CALLED AS AN INMATE WITNESS TO TESTIFY ON BEHALF OF CLARENCE KNIGHT, C-07565, AT A DISCIPLINARY HEARING CONDUCTED BY LT. C. BARROGA. THE RVR DATED 3/27/07 FOR THE SPECIFIC ACT POSSESSION OF INMATE MANUFACTURE ALCOHOL.

DURING ALL TIMES REGARDING THIS DECLARATION, I WAS KNIGHT'S CELLMATE AND HAVE FIRSTHAND KNOWLEDGE OF THE FACTS I AM ABOUT TO PRESENT. WHEN CALLED TO THE HEARING AS A WITNESS, THE FOLLOWIN PEOPLE WERE PRESENT; LT. BARROGA, C/O ROWE, C/O CANCHOLA, AND INMATE KNIGHT. LT. BARROGA ASKED ME THESE QUESTIONS THAT I ANSWERED DURING THE HEARING;

    1. WHOSE PRUNO WAS IT? I REPLIED "MINES".

    2. WHAT WERE YOU DOING WITH A WHOLE GALLON? I REPLIED, "DRINKING IT".

    3. WHAT WERE YOU DOING WITH 50 APPLES? I REPLIED, "TO MAKE SOME MORE PRUNO".

    4. DID YOUR CELLMATE KNIGHT KNOW ABOUT THE PRUNO? NO, HE DOESN'T DRINK.

LT. BARROGA WENT ON TO SAY THAT DON'T YOU SEE WHERE YOU ARE GETTING YOUR CELLMATE INTO TROUBLE? BY YOU NOT PUTTING IT IN YOUR OWN LOCKER YOU'RE GETTING HIM IN TROUBLE TOO. I REPLIED, YOU CAN'T PUNISH MY CELLMATE (KNIGHT) FOR WHAT BELONGS TO

..... (COND.)

ALCOHOL AND THE TRUTH THAT IT IS MY PRUNO! LT.
BARROGA DID NOT REPLY.

WHEN KNIGHT APPEALED THE FACT THAT THE
ASKED QUESTIONS AND ANSWERS WERE NOT IN THE
REPORT AND THAT LT. BARROGA deliberately KEPT
FROM THE RECORD, I TOLD KNIGHT THAT I WOULD
WRITE A declaration ON HIS BEHELF. KNIGHT
SHOULD HAVE NEVER BEEN CHARGED BECAUSE I
TOOK OWNERSHIP AND KNIGHT CANNOT TELL ME WHAT
TO DO OR NOT TO DO AND WHAT I TESTIFIED TO
AT THE HEARING, KNIGHT HAD NO CONTROL OVER IT.
THE PRUNO WAS MINES, THATS IT, THATS ALL

I, CHARLES THOMAS        declare under
PENALTY OF PERJURY THAT THE AFOREMENTIONED IS
TRUE AND CORRECT

CHARLES THOMAS                    C. Thomas
DECLARANT'S NAME                  DECLARANT'S SIGNATURE

DATED: 2-02-08

EXHiBiT "C"

EXHiBiT "C"

## DECLARATION OF CLARENCE KNIGHT

I, Clarence Knight, deposes and says that this declaration is based on Personal Involvement, fact and my belief that the following is true and correct.

On April 28, 2007, I were found guilty during a Rules Violation Report (RVR) disciplinary Hearing conducted by Lieutenant C. Barroga, for the specific act "Possession of Inmate manufactured Alcohol.

During the disciplinary Hearing, I pled not guilty and stated, "I don't drink and did not have any Pruno. Lt. Barroga expressed the Alcohol contents that was discovered in my assigned cell, who I did so occupy with Inmate Thomas, P#68324.

I requested Inmate Thomas as an Inmate Witness and Correctional Officer Rowe as a staff witness. C/o Rowe is the author of the RVR who discovered the (Pruno) Alcohol. I was not present for the search of the cell.

When Lt. Barroga called Inmate Thomas to testify, c/o Rowe, c/o Canchola and myself were present in the office. Lt. Barroga, began to ask Inmate Thomas a series of questions as follows:

1. Whose Pruno was it? Thomas replied mines.

2. What were you doing with a whole gallon? Thomas replied, "Drinking it".

3. WHAT WERE YOU DOING WITH 50 APPLES? THOMAS REPLIED, "TO MAKE SOME MORE PRUNO".

4. DID YOUR CELLMATE KNIGHT KNOW ABOUT THE PRUNO? THOMAS REPLIED," NO, HE DOESN'T DRINK.

EACH OF THESE ASKED AND ANSWERED QUESTIONS CAUSED MUCH LAUGHTER WHICH COULD'VE BEEN ATTESTED TO BUT, NO ONE INTERVIEWED C/O ROWE OR C/O CANCHOLA THROUGHOUT THE APPEALS PROCESS TO ASCERTAIN THE TRUTH THAT, THESE QUESTIONS AND ANSWERS DID TAKE PLACE AND THAT LT. BARROGA deliberately CONCEALED THIS IN-FORMATION FROM THE RECORD TO SECURE A GUILTY FIND-ING AND TO OBSTRUCT MY ABILITIES TO EXONERATE MYSELF WHEN OWNERSHIP OF THE PRUNO HAD BEEN TAKEN BY THOMAS.

LT. BARROGA WENT ON TO TELL THOMAS THAT "DON'T YOU SEE HOW YOU ARE GETTING YOUR CELLMATE IN TROUBLE BY NOT PUTTING THE PRUNO IN YOUR OWN LOCKER? THOMAS REPLIED, TELLING BARROGA, YOU CAN'T PUNISH KNIGHT FOR WHAT BELONGS TO ME". LT. BARROGA SAID "I DON'T THINK YOU CAN DRINK A GALLON OF PRUNO ALL BY YOURSELF AND I BELIEVE YOU MADE IT FOR THE BOTH OF YOU. LT. BARROGA SPEAKS AS IF HE IS AN EXPERT IN PRUNO DRINKING AND HAS BASED HIS DECISION ON HIS BELIEFS CONTRARY TO THE EVIDENCE PRESENTED. LT. BARROGA IS NOT TOO SMART. HE HAS PRACTICED THIS TACK OF PUNISHING TWO INMATES FOR THE ACTIONS OF ONE. THESE ACTS PIT INMATES AGAINST EACH OTHER AND FORCES INMATES FILINGS INTO THE COURTS AS A RESULT OF A PARTIAL DISCIPLINARY HEARING.

LT. BARROGA HAS NOT SUPPORTED HIS FINDING ME

1  GUILTY BASED ON A SINGLE FACT AND IT IS MY

2  BELIEF THAT HIS ABUSE OF POWER AS A SENIOR HEARING

3  OFFICER IS EVIDENT WHEN AS A FACTFINDER, HE IS

4  SUPPOSE TO MAKE DECISIONS BASED ON THE EVIDENCE

5  PRESENTED. NOT DELIBERATOLY STRAY FROM THE FACTS JUST

6  TO BUILD AN UNBLEMISHED RECORD OF GUILTY FINDINGS

7  TO SUPPORT HIS PERFORMANCE RECORD. THIS IS COMMON

8  PRACTICE ENGAGED IN BY MALE SUPERVISING STAFFS HERE

9  AT SALINAS VALLEY STATE PRISON AND ENDORSED BY THE

10  WARDEN M.S. EVANS.

11        LT. BARROGA'S EFFORTS TO MAKE INMATES RESPONSIBLE

12  FOR THE ACTS OF OTHER INMATES PLACES INMATES IN

13  JEOPARDY AND AT RISK OF HARM IF AS HE SUGGESTS FOR

14  INMATES TO ASSUME CONTROL OVER EACH OTHER, WHICH IS

15  IN VIOLATION OF CALIF. CODE OF REGULATIONS 3022.

16        THE ONE WAY TO SERIOUSLY HURT ANY INMATE WHO

17  STRIVES TO BE DISCIPLINARY FREE IS TO ARBITRARILY FIND

18  HIM OR HER GUILTY OF AN INFRACTION. THIS IS THE GREATER

19  OFF THE RECORD PUNISHMENT INMATES ARE BEING SUBJECTED

20  TO BY ROGUE LIEUTENANTS AT SALINAS VALLEY STATE PRISON.

21        I DID NOT POSSESS ANY ALCOHOL NOR DID I HAVE

22  OR SAY I HAD KNOWLEDGE OF ANY PRUNO. LT. BARROGA HAS

23  USED HIS OWN STATEMENTS IN THE RECORD AS IF I SAID THEM.

24        I, CLARENCE KNIGHT, declare under PENALTY OF

25  PERJURY THAT THE AFOREMENTIONED IS TRUE AND CORRECT.

26  DATED: FEB, 7, 2008

27                          Clarence Knight
                            CLARENCE KNIGHT
28                          PRO. SE PETITIONER

ISSUES PRESENTED TO THE SUPERIOR COURT

ATTACHMENT #1

6. GROUNDS FOR RELIEF

**Ground 1:** State briefly the ground on which you base your claim for relief. For example, "the trial court imposed an illegal enhancement." *(If you have additional grounds for relief, use a separate page for each ground. State ground 2 on page four. For additional grounds, make copies of page four and number the additional grounds in order.)*

DEPRIVATION OF A FAIR AND IMPARTIAL DISCIPLINARY HEARING
(DEPRIVATION OF PROCEDURAL DUE PROCESS)

a. Supporting facts:

Tell your story briefly without citing cases or law. If you are challenging the legality of your conviction, describe the facts upon which your conviction is based. *If necessary, attach additional pages.* CAUTION: You must state facts, not conclusions. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.) A rule of thumb to follow is: *who* did exactly *what* to violate your rights at what time *(when)* or place *(where).* *(If available, attach declarations, relevant records, transcripts, or other documents supporting your claim.)*

ON 4/25/07, I RECIEVED A DISCIPLINARY HEARING BY LT. BARROGA
FOR POSSESSION OF INMATE MANUFACTURED ALCOHOL. DURING THE
RVR HEARING I REQUESTED INMATE THOMAS P#65324 AS AN INMATE
WITNESS. THOMAS IS MY CELLMATE AND WAS SO DURING THE DISCOVERY OF
THE MANUFACTURED ALCOHOL. LT. BARROGA CALLED I/M THOMAS AS A
WITNESS. I/M THOMAS EXONERATED PETITIONER WITH TESTIMONY OF FACT
DURING THE HEARING. LT. BARROGA FAILED TO INCORPORATE IN THE BODY
OF THE HEARING REPORT THE LINE OF QUESTIONS ASKED AND ANSWERED
BY I/M THOMAS. PETITIONER APPEALED THROUGH THE INMATE APPEAL
SYSTEM TO THE DIRECTOR'S LEVEL OF REVIEW. BOTH THE WARDEN'S
REVIEW AND THE DIRECTOR'S LEVEL OF REVIEW UPHELD THE GUILTY
FINDING AND ASSERTS THAT THE HEARING OFFICER ALLOWED THE WITNESS
AND DOCUMENTED THE STATEMENTS PROVIDED WHICH IS UNTRUE. NOTHING
IN THE FINAL DISPOSITION SUPPORTS THE GUILTY FINDING OR PROVIDES
ANY EXPERT TESTIMONY OF THE HEARING OFFICERS EXPERTISE
TO SUPPORT THE BELIEFS STOOD BY LT. BARROGA TO ENABLE
HIM TO GO AGAINST THE EVIDENCE PROVIDED BY INMATE THOMAS
P65324, OR THE EVIDENCE PETITIONER PRESENTED ON APPEAL
IN HIS CDC 602 INMATE APPEAL OF THIS MATTER. SEE

CONT....

b. Supporting cases, rules, or other authority (optional):

*(Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary, attach an extra page.)*

U.S. CONSTITUTION 14TH AMENDMENT; CALIF. CODE OF REGULATIONS TITLE 15
§§ 3320, 3310(d), 3022; DEPARTMENTAL OPERATIONAL MANUAL (D.O.M.)
§§ 54100.18.2; WOLFF V. MC DONNELL 94 S.CT 2963 (1974); SANDIN V. CONNER
515 U.S. 472, 115 S.CT. 2293, 2300 (1995); HOWARD V. GRINAGE 82 F.3d 1343;
SUPERINTENDANT V. HILL 472 U.S. 445, 455 (1985)

1  SUPPORTING FACTS CONT....)

2      PETITIONER'S EXHIBIT "A" DEMONSTRATES THE LINE OF QUES-

3  ASKED AND ANSWERED BY INMATE THOMAS. THE HEARING

4  NOTED MY STATEMENT OF RECORD, HE FAILED TO NOTE

5  THE WITNESSES RESPONSES TO ASKED QUESTIONS. HOWEVER,

6  LT. BARROGA DELIBERATELY NOTED A STATEMENT OF HIS

7  OWN AND SAID THAT "PETITIONER ADMITTED HE HAD

8  KNOWLEDGE THE PRUNO WAS IN THE CELL." THIS IS ANOTHER

9  LIE. IT ALSO CONTRADICTS MY INMATE STATEMENT NOTED

10  BY LT. BARROGA. LT. BARROGA ALSO BASED THE GUILTY

11  FINDINGS ON HIS BELIEFS WITHOUT A SHREAD OF EVIDENCE

12  TO SUPPORT HIS BELIEFS. THE GUILTY FINDING WAS ARBITR-

13  ARY AND DONE SO DELIBERATELY TO FORCE PETITIONER

14  TO CHALLENGE HIS ARBITRARY RULING AND BE FORCED TO

15  CHALLENGE HIS DECISION THROUGH THE BROKEN PARTIAL

16  INMATE APPEAL SYSTEM SINCE MOST INMATES ARE NOT

17  CAPABLE OF LITIGATING THROUGH THE COURT.

18      SALINAS VALLEY STATE PRISON STAFFS AND LT. BARROGA

19  EXPECTS INMATES TO CONTROL OTHER INMATES BY TELLING

20  THEM WHAT TO DO AND WHAT NOT TO DO. THIS CONFLICTS

21  WITH THE ESTABLISHED RULES THAT LT. BARROGA DOESN'T

22  KNOW SO WELL.

23      EXHIBIT "B" IS A DECLARATION BY INMATE THOMAS

24  DETAILING THE EVENTS OF THE DISCIPLINARY HEARING, AND

25  TAKING OWNERSHIP OF THE DISCOVERED PRUNO.

26      EXHIBIT "C" IS A DECLARATION BY PETITIONER IN

27  SUPPORT OF THIS PETITION.

28      G. NEOTTI, THE CHIEF DEPUTY WARDEN (CDW)

SUPPORTING FACTS CONT....

UPHELD THE GUILTY FINDING AND WENT AGAINST THE PRESENTED EVIDENCE BY STATING THAT PETITIONER HAS NOT PRESENTED ANY "NEW" EVIDENCE THAT WAS NOT AVAILABLE TO HIM PRIOR TO THE HEARING". THIS IS A TESTAMENT OF THE FACT THAT THE APPEAL SYSTEM doesn't WORK SINCE EVEN THE CHIEF DEPUTY WARDEN IS ALLOWED TO USE WORD TERMS OUT OF CONTEXT AND UNSUPPORTED. CLEARLY PETITIONER'S C.D.C. 602 details THE VIOLATIONS DURING THE disciplinary HEARING YET THE C.D.W. NOR THE DIRECTOR'S LEVEL REVIEW ADDRESSED THE APPEALED ISSUES.

IN FURTHERANCE THE C.D.W. MISQUOTES STATEMENTS IN THE WARDEN'S LEVEL RESPONSE STATING. "THE APPELLANT'S CLAIM THAT THE ALCOHOL BELONGING SOLEY TO HIS CELLMATE WAS NOT ACCEPTED AS CREDIBLE BY THE SENIOR HEARING OFFICER (SHO) LT. BARROGA". THIS STATEMENT WAS NEVER MADE BY PETITIONER AND WAS designed TO MADE A RECORD WHICH CAN BE CONSTRUED AS IF PETITIONER SAID THE ALCOHOL BELONGS TO THOMAS. THIS IS HOW PRISON OFFICIALS PIT INMATES AGAINST EACH OTHER. RECORD STATEMENTS TO MAKE IT APPEAR AS THOUGH ONE INMATE SPOKE AGAINST THE OTHER. WHICH IS NOT THE CASE. PETITIONER ONLY CALL HIS REQUESTED WITNESS AND LET THE WITNESS TAKE OWNERSHIP.

AN EVIDENTIARY HEARING AND/OR DISCOVERY IN THIS MATTER WOULD ALLOW FOR A RECORD OF LT. BARROGA'S RECENT DISCIPLINARY HEARINGS WHICH WILL REVEAL ARBITRARY GUILTY FINDINGS WITHOUT SUPPORTING EVIDENCE.

SUPPORTING FACTS CONT.....)

LT. BARROGA did NOT INCLUDE IN HIS REPORT THAT C/O ROWE AND C/O CANCHOLA WERE PRESENT during THE RVR HEARING AND Heard All OF THE ASKED AND ANSWERED QUESTIONS OF INMATE THOMAS TO DISTORT THE RECORD OF THE FACTS AND TO FRUSTRATE THE APPEALS PROCESS IN A BLATANT ACT OF OBSTRUCTION OF JUSTICE.

ASIDE FROM LT. BARROGA'S PERSONAL BELIEFS VERSUS TESTIMONIAL EVIDENCE, THERE IS NO EVIDENCE THAT LT. BARROGA COULD RELY ON THAT CAN REFUTE THE TESTIMONY OF INMATE THOMAS WHO TOOK OWNERSHIP OF THE ALCOHOL THROUGH TESTIMONY AND EXONERATED THE PETITIONER.

FOR THE REASONS STATED, PETITIONER REQUEST THE COURT TO GRANT THIS WRIT AND REVERSE THE GUILTY FINDING IN THE INTEREST OF JUSTICE.

_Issues Presented To Ct. of App._

ATTACHMENT #2

6. GROUNDS FOR RELIEF                                                                    MC–275

Ground 1: State briefly the ground on which you base your claim for relief. For example, "the trial court imposed an illegal enhancement." *(if you have additional grounds for relief, use a separate page for each ground. State ground 2 on page four. For additional grounds, make copies of page four and number the additional grounds in order.)*

SUPERIOR COURT ERRED IN ITS RULING WAS CONTRARY TO
ESTABLISHED LAW.

a. Supporting facts:

Tell your story briefly without citing cases or law. If you are challenging the legality of your conviction, describe the facts upon which your conviction is based. *If necessary, attach additional pages.* CAUTION: You must state facts, not conclusions. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.) A rule of thumb to follow is: who did exactly what to violate your rights at what time *(when)* or place *(where). (If available, attach declarations, relevant records, transcripts, or other documents supporting your claim.)*

THE COURT RULED BY UPHOLDING THE HEARING OFFICERS GUILTY FINDING
THAT DUE TO THE PRUNO BEING FOUND IN A COMMON AREA THAT BOTH
INMATES ARE TO BE FOUND GUILTY OF THE OFFENSE DESPITE ONE OF
THE INMATES ASSIGNED TO THE CELL TOOK OWNERSHIP. THE SOME
EVIDENCE STANDARD IS MISAPPLIED IN THIS CONTEXT. THE SUPERIOR
COURT ASSERTS THERE WERE FOUR FACTUAL FINDINGS TO SUPPORT THE
CONCLUSION REACHED BY THE HEARING OFFICER YET ONLY RELIED
ON THE FACT THAT THE PRUNO WAS FOUND IN A COMMON AREA. YES
IT IS TRUE THAT THE ASSIGNED CELL WAS OCCUPIED BY BOTH INMATES
HOWEVER, INMATES HAVE NO CONTROL OVER WHAT CELL THEY ARE ASSIGNED
TO OR WHO THEY CELL UP WITH. ALSO, INMATES MAY NOT ASSUME CONTROL
OVER OTHER INMATES IS A RULE STRONGLY UPHELD BY STAFFS. IT IS
UNREASONABLE TO APPLY THE ZEPEDA STANDARD IN THIS INSTANCE
                                                                        P.O.ST.,,

b. Supporting cases, rules, or other authority (optional):
*(Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary, attach an extra page.)*

U.S. CONST. 14TH AMEND; C.C.R. TITLE 15 §§ 3320, 3310(d), 3022; DEPART-
MENTAL OPERATIONAL MANUAL (D.O.M.) §§ 54100.18.2, OPERATIONAL MANUAL IIA
SUPERINTENDANT V. HILL 472 U.S. 455 (1985); HOWARD V. GRINAGE 82 F.3d 1343;
SANDIN V. CONNOR 515 U.S. 472, 115 S.CT. 2293 (1995)

...Cont.

1  BECAUSE ZEPEDA IS WRONG. NONETHELESS, THE USE OF

2  AN OPERATIONAL PROCEDURE THAT THE "COMMON AREA" IS USE

3  IS NOT LAW. IT HAS NOT BEEN APPROVED BY THE ADMINIS-

4  TRATIVE PROCEDURE ACT (APA) OR THE OFFICE OF ADMIN-

5  ISTRATIVE LAW (OAL) AND CONFLICTS WITH CALIFORNIA

6  CODE OF REGULATIONS TITLE 15. JUST BECAUSE PRUNO WAS

7  FOUND IN A COMMON AREA ISN'T "SOME EVIDENCE" TO ESTABLISH

8  OWNERSHIP OR GUILT. THIS OPERATIONAL PROCEDURE OF THE

9  COMMON AREA STANDARD DOES NOT OFFER ANY EVIDENCE TO

10 HOLD THAT PETITIONER HAD ANYTHING TO DO WITH THE PRUNO

11 EXCEPT FOR TO CONTRADICTION STATEMENT BY THE HEARING

12 OFFICER. SEE DECLARATIONS ATTACHED HERETO. TO ALLOW

13 BOTH CELLMATES TO BE HELD GUILTY FOR WHAT ONE HAS AL-

14 READY ADMITTED TO WOULD IMPLY THAT INMATES ARE ALLOWED

15 TO ASSUME CONTROL OVER OTHER INMATES IN VIOLATION

16 OF CALIF. CODE OF REGS. TITLE 15 § 3022 AND STAFF WOULD

17 BE PERMITTED TO PLACE ANY DISFAVORED INMATE IN A CELL

18 WITH A KNOWN KNIFE MAKER, WINE MAKER, SEX PREDATOR,

19 ETC... AND HOLD BOTH INMATES ACCOUNTABLE WHENEVER

20 THEY FEEL THE NEED TO HARASS, RETALIATE AND/OR PUNISH

21 AN INMATE. FOR THE HEARING OFFICER TO LEAVE OUT OF

22 THE TESTIMONY OF MY INMATE WITNESS FROM THE FINDINGS

23 DISPOSITION OF THE RULES VIOLATION REPORT (RVR) IS AN

24 OBSTRUCTION OF JUSTICE IN ITSELF BY CONCEALING EXCULPAT-

25 ORY EVIDENCE IN MY BEHALF. IT DISTORTS THE FACTS AND HIS

26 ILL-WILLED INTENTIONS TO FORCE ME TO LITIGATE THIS

27 MATTER THROUGH THE COURTS. THE HEARING OFFICE ALSO USED

28 HIS OWN STATEMENT TO MY INMATE WITNESS DURING THE

CONT...

...Cont.

1  HEARING AGAINST ME BY STATING THAT I "ADMIT THAT

2  THERE WAS PRUNO IN THE CELL AND WOULD NOT TELL MY CELL-

3  MATE (J.THOMAS) TO PLACE THE PRUNO TO HIS OWN SHELF."

4  THIS CONTRADICTS MY STATEMENT WRITTEN BY THE HEAR-

5  ING OFFICER, THAT: INMATE KNIGHT ENTERED A PLEA OF

6  NOT GUILTY AND STATED: I DON'T DRINK AND I DIDN'T HAVE

7  ANY PRUNO."

8      LT. BARROGA THE HEARING OFFICER DELIBERATELY

9  SABOTAGE'D MY ABILITY TO PROPERLY GRIEVE THE FACTS

10  BY LEAVING OUT CRUCIAL TESTIMONIAL FACT IN MY

11  DEFENSE. PLEASE READ EXHIBITS B & C.

12      FOR THESE FOREGOING REASONS, I ASK THE COURT TO

13  CORRECT THIS ERR AND GRANT PETITIONERS WRIT.

14  7/28/08

15

16      C. Knight

17

18

19

20

21

22

23

24

25

26

27

28

1    ISSUES PRESENTED TO THE SUPREME COURT

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26    ATTACHMENT #3

27

28

MC-275

6.  GROUNDS FOR RELIEF
   **Ground 1:** State briefly the ground on which you base your claim for relief. For example, "the trial court imposed an illegal enhancement." *(if you have additional grounds for relief, use a separate page for each ground. State ground 2 on page four. For additional grounds, make copies of page four and number the additional grounds in order.)*

DEPRIVATION OF A FAIR AND IMPARTIAL DISCIPLINARY HEARING
(DEPRIVATION OF PROCEDURAL DUE PROCESS)
CT. OF APPEAL'S DENIAL WITHOUT OPINION WAS IN ERR IN ITS
RULING WAS CONTRARY TO ESTABLISHED LAW.

a.  Supporting facts:
   Tell your story briefly without citing cases or law. If you are challenging the legality of your conviction, describe the facts upon which your conviction is based. *If necessary, attach additional pages.* CAUTION: You must state facts, not conclusions. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.) A rule of thumb to follow is: *who* did exactly *what* to violate your rights at what time *(when)* or place *(where). (If available, attach declarations, relevant records, transcripts, or other documents supporting your claim.)*

THE COURT OF APPEALS ERRED IN UPHOLDING THE SUPERIOR COURTS
RULING THAT PETITIONER WAS RIGHTFULLY FOUND GUILTY OF
POSSESSION OF INMATE MANUFACTURED ALCOHOL AFTER
PETITIONER'S CELLMATE RIGHTFULLY TOOK OWNERSHIP OF THE
ALCOHOL DURING TESTIMONY DURING THE DISCIPLINARY HEARING
WHEN CALLED AS A WITNESS. SEE EXHIBIT "B" DECLARATION OF
INMATE THOMAS. BY THE HEARING OFFICER'S DELIBERATE ACT OF
WITHHOLDING THE WITNESSES TESTIMONY FROM THE FINDINGS PORTION
OF THE RULES VIOLATION REPORT, FRUSTRATED PETITIONER'S ABILITY TO
PRESENT THE FACTS IN MY DEFENSE. THE COURTS OF SUPERIOR
AND COURT OF APPEALS APPLICATION OF THE "SOME EVIDENCE"
STANDARD UNDER IN RE POWELL AND IN RE RAMIREZ IS
MISAPPLIED AND CONTRARY TO SUPERINTENDENT V. HILL BECAUSE
                                                  FACTS CONT....

b.  Supporting cases, rules, or other authority (optional):
   *(Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary, attach an extra page.)*

U.S. CONST. 14TH AMEND; C.C.R. TITLE 15 §§ 3320, 3310(d), 3022; DEPT.
OPERATIONAL MANUAL (DOM) § 54100.18.2; OPERATIONAL PROCEDURE II A
SUPERINTENDENT V. HILL 472 U.S. 455 (1985) HOWARD V. GRINAGE 82 F.3d 1343
SANDIN V. CONNOR 515 U.S. 472 (1995) WOLFF V. McDONNELL 94 S.CT. 2963 (1974)

.... FACTS

IN RE ZEPEDA ASSERTED TO BE ANALOGOUS TO PETITIONERS CASE IS MISSTATED AND CONTRARY TO THE ACTUAL SOME EVIDENCE RULE. #1. BEING THAT INMATES ARE NOT ALLOWED TO ASSUME CONTROL OVER OTHER INMATES, NO INMATE CAN BE HELD ACCOUNTABLE FOR THE ACTS OF ANOTHER INMATE. #2 ASSUMING FOR ARGUENDO SAKE THAT BECAUSE THE PRUNO WAS FOUND INSIDE OF OUR ASSIGNED CELL, (AND THAT IS CONSIDERED A COMMON AREA) A COMMON AREA WHERE CONTRABAND WAS FOUND DOES NOT OR CANNOT IN TERMS OF EVIDENCE SUPERCEDE MY INMATE WITNESS TAKING RESPONSIBILITY FOR THE ALCOHOL. AN ADMISSION OF GUILT WITH DETAILS OUTWEIGHS THE HEARING OFFICERS BELIEFS WITHOUT EVIDENCE TO CONTRADICT THE EVIDENCE PROFERRED BY THE INMATE WITNESS. #3 THE CONTRADICTION OF THE HEARING OFFICER'S STATEMENTS THAT PETITIONER ADMITTED KNOWLEDGE OF THE PRESCENCE OF THE ALCOHOL DISTORTS THE FACTS AND PRESENTS A DELIBERATE ACT OF INJECTING UNTRUE STATEMENTS JUST TO SATISFY THE FINDINGS AND GUILTY FINDING.

LT. BAROGGA'S ACTS PROVIDED A PARTIAL HEARING TO OBSTRUCT JUSTICE WITH DEPRIVED PETITIONER OF A FAIR AND IMPARTIAL DISCIPLINARY HEARING AND PROCEDURAL DUE PROCESS.

FOR THESE REASONS, PETITIONER ASKS THIS COURT RESPECTFULLY TO REVERSE THE LOWER COURT DECISIONS AND GRANT PETITIONER A WRIT.

DATED: 5/ /2008

*Clarence Knight*
CLARENCE KNIGHT

1    SUPERIOR COURT CITATION

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26    ATTACHMENT #4

27

28

The Court, having reviewed the petition, return, traverse, points and authori-
ties, and exhibits now issues the following:

IT IS HEREBY ORDERED that the petition for writ of habeas corpus is GRANTED.
Respondent shall vacate it's decision finding petitioner guilty of violation of Ti-
15, California Code of Regulations section 3016 and shall restore to him the ninety
days lost as a result of the decision.

1.    The decision of the hearing officer must be upheld if there was "some evidence"
in the record that could support the conclusion reached by the disciplinary board.
(Superintendent v. Hill (1985) 472 U.S. 445, 455.)

2.    Respondent contends that because petitioner was in the cell just before the
search, and the odor of alcohol was so strong that anyone in the cell must have been
aware of it's presence constitutes "some evidence".

3.    Respondent's argument is not persuasive. An inmate has no control over either
his housing or his cell partner. Housing of inmates is almost entirely within the
discretion of respondent. (Title 15, Cal. Code Regs., §§5068, 5080.)

4.    No inmate will be permitted to assume control over other inmates. (Title 15,
Cal. Code Regs., § 3022.) Petitioner was forced to share his cell with the cell
partner. There is no evidence that he could control the space inhabited by his
cel partner. or anyone else housed in the area.

Petitioner was charged with possession of inmate manufactured alcohol. Peti-
tioner's cell partner admitted ownership of the inmate manufactured alcohol. The
evidence presented was that there was a plastic one gallon jar, containing inmate
manufactured alcohol found in the jointly occupied cell. None of the evidence di-
rectly implicated petitioner. No evidence was ever offered that petitioner knew the
nature of the substance in the container or even that he actually knew it was there.
The Court finds that there is no evidence in the record to support the charges.

DATED:    December 09, 1991

JACK V. SAPUNOR, Judge
Judge of the Superior Court

**STATE OF CALIFORNIA**
**COUNTY OF MONTEREY**

(C.C.P. SEC. 466 & 2015.5; 28 U.S.C. SEC. 1746)

I, *C. KNIGHT* declare under penalty of perjury that: I am the *PETITIONER* in the above entitled action; I have read the foregoing documents and know the contents thereof and the same is true of my own knowledge, except as to matters stated therein upon information, and belief, and as to those matters, I believe they are true.

Executed this *17* day of *July*, 20 *08*, at Salinas Valley State Prison, Soledad, California 93960-1050.

(Signature) *Clarence Knight*
DECLARANT/PRISONER

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

PROOF OF SERVICE BY MAIL
(C.C.P. SEC 1013(a) & 2015.5; 28 U.S.C. SEC. 1746)

I, *C. KNIGHT*, am a resident of California State Prison, in the County of Monterey, State of California; I am over the age of eighteen (18) years and am/am not a party of the above entitled action. My state prison address is: P.O. Box 1050, Soledad, California 93960-1050.

On *July 17*, 20 *08*, I served the foregoing: *PETITITION FOR A WRIT OF HABEAS CORPUS*

(Set forth exact title of document(s) served)

On the party(s) herein by placing a true copy(s) thereof, enclosed in sealed envelope(s), with postage thereof fully paid, in the United States Mail, in a deposit box so provided at Salinas Valley State Prison, Soledad, California 93960-1050.

| | |
|---|---|
| *U.S. DIST. COURT* | *DEPT. OF JUSTICE* |
| *N. DIST. OF CA.* | *OFF. OF THE A. GEN* |
| *450 GOLDENGATE AVE* | *455 GOLDENGATE AVE #11000* |
| *S.F. CALIF. 94102-3483* | *SANFRAN, CALIFORNIA 94102* |

(List parties served)

There is delivery service by United States Mail at the place so addressed, and/or there is regular communication by mail between the place of mailing and the place so addressed.

I declare under penalty of perjury that the foregoing is true and correct.

DATED: *7/17/08*, 20 *08*,

*Clarence Knight*
DECLARANT/PRISONER

CLAREN... King...
C07508    D7-114
P.O. Box 1050
Soledad, Calif. 93960
Salinas Valley State Prison

U.S. Dist. Court of Ca.
Northern District
450 Golden Gate Ave
San Francisco, Calif. 94102-3483

Prose

STATE PRISON
GENERATED MAIL

RECEIVED
JUL 1 0 2008

LEGAL

R. Smith

7/14/08

LEGAL MAIL